**WO**                                                                                                          RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeff Shirley, | No. CV 08-741-PHX-SMM (JRI) |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| vs. | |
| Brad Franklin, | |
| Defendant. | |

Plaintiff Jeff Shirley, who was formerly confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). On May 7, 2008, Plaintiff filed a Notice of Change of Address (Doc. #4) indicating he is no longer in custody. The Court will require Plaintiff to either pay the filing fee or show good cause why he cannot pay.

Pursuant to 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action or files an appeal [*in forma pauperis*], the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Because Plaintiff brought this civil action while he was still a prisoner, he will be required to pay the full amount of the $350.00 filing fee even though he is now released. See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) ("Under the [Prison Litigation Reform Act], all prisoners who file [*in forma pauperis*] civil actions must pay the full amount of the filing fee.").

JDDL

1    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) will be granted. If
2 Plaintiff were still a prisoner, the Court would order Plaintiff's custodian to periodically
3 withdraw funds from Plaintiff's inmate account according to the statutory formula in 28
4 U.S.C. § 1915(b)(2) until the filing fee was paid in full. However, because Plaintiff is no
5 longer in custody, and therefore does not have a prison account, he cannot avail himself of
6 the partial payment provisions of 28 U.S.C. § 1915(b)(1), (2). The statute makes no other
7 provision for incremental collection of the fee. Therefore, Plaintiff must now pay the filing
8 fee in full.

9    Plaintiff will be given 30 days from the date this Order is filed to either pay the
10 $350.00 filing fee or file a "Response" to this Order. Plaintiff's Response must state the date
11 of his release and must either promise to pay the $350.00 filing fee within 120 days from the
12 date of his release **or** show good cause why he cannot pay the filing fee. Plaintiff's Response
13 must be made under penalty of perjury. See 28 U.S.C. § 1746 (oath requirement may be
14 satisfied when a person declares under penalty of perjury that the submission is true and
15 correct and signs and dates the document).

16    Plaintiff is advised that even after he pays the filing fee, the Court is required to screen
17 complaints brought by prisoners seeking relief against a governmental entity or an officer or
18 an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a
19 complaint or portion thereof if the plaintiff has raised claims that are legally frivolous or
20 malicious, that fail to state a claim upon which relief may be granted, or that seek monetary
21 relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

22    If Plaintiff fails to timely comply with every provision of this Order, the Court may
23 dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61
24 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order
25 of the Court). Accordingly,
26 //
27 //
28 //

JDDL                                          - 2 -

**IT IS HEREBY ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted.**

(2) Within **30 days** from the date this Order is filed, Plaintiff **must either** pay the $350.00 filing fee **or** file a Response as described above.

(3) **If** Plaintiff fails to pay the filing fee **or** file a Response to this Order within 30 days, the Clerk of Court **shall enter** a judgment of dismissal of this action without prejudice.

DATED this 15th day of May, 2008.

Stephen M. McNamee
United States District Judge