**WO**

RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jeff Shirley, ) No. CV 08-741-PHX-SMM (JRI)
)
   Plaintiff, ) **ORDER**
)
vs. )
)
)
Brad Franklin, )
)
   Defendant. )
)
)

   On April 17, 2008, Plaintiff Jeff Shirley, who was formerly confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). On May 7, 2008, Plaintiff filed a Notice of Change of Address (Doc. #4) indicating he was no longer in custody.

   By Order filed May 15, 2008 (Doc. #6), the Court granted Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) and gave Plaintiff 30 days from the date the Order was filed to either pay the $350.00 filing fee or file a Response to the Order stating the date of his release and either promising to pay the $350.00 filing fee within 120 days from the date of his release or showing good cause why he cannot pay the filing fee.

**I. Payment of Filing Fee**

   On May 27, 2008, Plaintiff paid the $350.00 filing fee (Doc. #7). Accordingly, the

TERMPSREF

1    Court will proceed to review the Complaint.

2    **II.    Statutory Screening of Prisoner Complaints**

3           The Court is required to screen complaints brought by prisoners seeking relief against

4    a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

5    § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

6    claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

7    be granted, or that seek monetary relief from a defendant who is immune from such relief.

8    28 U.S.C. § 1915A(b)(1), (2).

9    **III.    Complaint**

10          Brad Franklin, Mesa Police Department Detective, is named as Defendant in the

11   Complaint.

12          Plaintiff alleges two counts in his Complaint.  In Count I, Plaintiff claims that his First

13   Amendment rights were violated by Defendant Franklin when he had Plaintiff incarcerated

14   in retaliation for Plaintiff's trying to express his grievance against Franklin to the Mesa

15   Police Department.  In Count II, Plaintiff claims that his Fourteenth Amendment rights to

16   liberty and property were violated by Defendant Franklin when he intentionally committed

17   perjury, denying Plaintiff due process of law and causing "grief and false conviction."

18          Plaintiff seeks a jury trial, immediate injunctive relief, declaratory relief,

19   compensatory monetary damages, all costs and fees, and a federal investigation.

20   **IV.    Failure to State a Claim**

21          In Count II, Plaintiff claims that his Fourteenth Amendment rights to liberty and

22   property were violated by Defendant Franklin when he intentionally committed perjury,

23   denying Plaintiff due process of law and causing "grief and false conviction."  Plaintiff

24   alleges that on February 1, 2008, he started serving a 90-day sentence for this conviction.

25          Because Plaintiff's allegations against Defendant Franklin in Count II necessarily

26   imply the invalidity of his current sentence, he is foreclosed from bringing Count II in this

27   42 U.S.C. § 1983 action by the case of Heck v. Humphrey which holds:

28          [I]n order to recover damages for allegedly unconstitutional conviction or
             imprisonment, or for other harm caused by actions whose unlawfulness would

1
2
3
4

> render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

5  <u>Heck v. Humphrey</u>, 512 U.S. 477, 486 (1994).

6  Under <u>Heck</u>, Plaintiff's claim in Count II for damages for Defendant Franklin's

7  actions which allegedly led to Plaintiff's unconstitutional sentence is not cognizable.

8  Plaintiff has not shown that he has successfully had his conviction or sentence invalidated

9  by a state or federal court.  Accordingly, Count II will be dismissed without prejudice for

10  failure to state a claim upon which relief may be granted.

11  In so doing, the Court also notes that witnesses have absolute immunity from civil

12  liability arising from their testimony.  <u>Briscoe v. LaHue</u>, 460 U.S. 325, 355 (1983); <u>Green</u>

13  <u>Acres Trust v. London</u>, 688 F.2d 617, 621 (Ariz. 1984).  Witness immunity applies not only

14  to testimony in criminal trials but to testimony at quasi-judicial proceedings.  <u>See Holt v.</u>

15  <u>Castaneda</u>, 832 F.2d 123, 125-27 (9th Cir. 1987) (citing numerous cases applying witness

16  immunity outside criminal trials).  Further, witness immunity extends to pretrial proceedings

17  and activities taken in preparation for testimony.  <u>See id.</u> at 125 (motion to quash search

18  warrants).

19  **V.     Claim for Which an Answer Will be Required**

20  Liberally construed, Plaintiff has stated a claim against Defendant Franklin in Count I.

21  Accordingly, the Court will require Defendant Franklin to answer Count I of the Complaint.

22  **VI.    Warnings**

23  **A.     Address Changes**

24  Plaintiff must file and serve a notice of a change of address in accordance with Rule

25  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

26  relief with a notice of change of address.  Failure to comply may result in dismissal of this

27  action.

28

**B.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS HEREBY ORDERED:**

(1)     Count  II of the Complaint is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

(2)     Defendant Brad Franklin **must answer** Count I of the Complaint.

(3)     The Clerk of Court **must send** Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Brad Franklin.

(4)     Plaintiff **must complete and return** the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)     **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on the Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action **may be dismissed**.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(6)     The United States Marshal **must retain** the Summons, a copy of the Complaint (Doc. #1), and a copy of this Order for future use.

(7)     The United States Marshal **must notify** Defendant Brad Franklin of the

commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

> (a)   **personally serve** copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

> (b)   within 10 days after personal service is effected, **file** the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8)   **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9)   Defendant **must answer** Count I of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

//

//

//

//

//

**TERMPSREF**

1    (10)    This matter is **referred** to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1

2  and 72.2 of the Local Rules of Civil Procedure for further proceedings.

3    DATED this 19th day of August, 2008.

4

5

6                                        Stephen M. McNamee
                                         United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28